IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED LAUNDRY SERVICES, LLC, | ) | CIV. NO. 24-00516 HG-RT |
| | ) | CIV. NO. 24-00517 HG-RT |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THE UNITED STATES SMALL | ) | |
| BUSINESS ADMINISTRATION; | ) | |
| ISABELLA CASILLAS GUZMAN, in | ) | |
| her official capacity as | ) | |
| Administrator of the United | ) | |
| States Small Business | ) | |
| Administration, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER DENYING PLAINTIFF UNITED LAUNDRY SERVICES, LLC'S MOTIONS FOR SUMMARY JUDGMENT (ECF Nos. 36 and 37)**

**and**

**GRANTING DEFENDANTS' CROSS-MOTIONS FOR SUMMARY JUDGMENT (ECF Nos. 46 and 47)**

Plaintiff United Laundry Services, LLC ("Plaintiff United Laundry") seeks review of decisions by the United States Small Business Administration ("SBA") denying Plaintiff's applications for loan forgiveness.

Plaintiff was issued two separate loans under the SBA's Paycheck Protection Program ("PPP") created by the Coronavirus Aid, Relief, and Economic Security Act of 2020 ("CARES Act") and the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and

1

Venues Act ("Economic Aid Act").

The PPP program allowed small businesses to obtain loans from the SBA during the COVID-19 pandemic.  An "affiliation waiver" applied to certain businesses that provided short-term lodging, accommodations, or food and beverage services which would have traditionally been ineligible for SBA loans because they were affiliated-business that had too many employees to qualify as a "small business concern."

In 2020, Plaintiff United Laundry applied for and received a First Draw PPP loan from the SBA in the amount of $4,682,609.

In 2021, Plaintiff applied for and received a Second Draw PPP loan in the amount of $1,425,000.

Plaintiff United Laundry claimed eligibility for the SBA's PPP loans by self-identifying that its business provided accommodations and was primarily engaged in the hotel and motel industry.

In 2021 and 2022, Plaintiff applied for loan forgiveness for each of the two loans from Defendant SBA.  Plaintiff sought forgiveness for both the First Draw PPP loan in the amount of $4,682,609 and the Second Draw PPP loan in the amount of $1,425,000.

Defendant SBA denied Plaintiff's applications for loan forgiveness for both loans.  Defendant SBA found that Plaintiff was not eligible for PPP loan forgiveness because it exceeded the

2

number of employees permitted to qualify as a "small business concern."

Under the CARES Act and Economic Aid Act, there was an "affiliation waiver" that allowed businesses providing lodging and accommodations to discount affiliated-businesses for purposes of the size standards for qualifying PPP loans.  Plaintiff United Laundry claimed PPP loan eligibility based on the affiliation waiver.

Defendant SBA ruled that Plaintiff United Laundry did not qualify for the affiliation waiver that would have entitled it to obtain the two PPP loans and then receive loan forgiveness. Defendant SBA found that Plaintiff United Laundry did not provide accommodations but was primarily a linen supply business and therefore ineligible for the affiliation waiver.

Plaintiff appealed the two SBA decisions.  The two appeals were heard by separate Administrative Law Judges from the Office of Hearings and Appeals.

Both Administrative Law Judges independently affirmed the SBA's decisions denying Plaintiff's applications for loan forgiveness.

Plaintiff United Laundry filed two Complaints against Defendant SBA and Defendant Isabella Casillas Guzman in her official capacity as Administrator of the SBA ("Defendants"), seeking judicial review of the two SBA decisions denying

3

Plaintiff's applications for loan forgiveness.

Plaintiff United Laundry has filed a Motion for Summary Judgment in each case.

Plaintiff's First Motion for Summary Judgment in CIV. NO. 24-00516 HG-RT seeks review of the denial of Plaintiff's application for loan forgiveness for the First Draw PPP loan in the amount of $4,682,609.

Plaintiff's Second Motion for Summary Judgment CIV. NO. 24-00517 HG-RT seeks review of the denial of Plaintiff's application for loan forgiveness for the Second Draw PPP loan in the amount of $1,425,000.

Defendants have responded by filing Cross-Motions for Summary Judgment in each case.  Defendants assert there was no error in the review of the two applications for loan forgiveness.

The Court agrees with Defendants that the SBA properly denied Plaintiff's two applications for loan forgiveness.

Plaintiff United Laundry's Motions for Summary Judgment (ECF No. 36, 37) are **DENIED.**

Defendants' Cross-Motions for Summary Judgment (ECF No. 46, 47) are **GRANTED.**

4

**PROCEDURAL HISTORY**

**United Laundry Services, LLC v. SBA, et al., 24-cv-000516 HG-RT: The First Loan**

On December 6, 2024, Plaintiff filed the Complaint.  (ECF No. 1).

On May 28, 2025, Defendants filed the Certified Administrative Record.  (ECF No. 29).

On July 15, 2025, the Magistrate Judge issued a Scheduling Order and Briefing Schedule for Plaintiff to file a Summary Judgment Motion and for Defendants to file a Cross-Motion for Summary Judgment.  (ECF No. 30).

On September 29, 2025, Plaintiff filed a Motion for Summary Judgment.  (ECF No. 32).

On October 1, 2025, Defendants filed a Notice of Government Shutdown and Stay.  (ECF No. 33).

On October 6, 2025, the Court issued a Minute Order striking Plaintiff's Motion for Summary Judgment for failing to comply with the Local Rules for the District of Hawaii.  (ECF No. 35). The Court also issued a briefing schedule as to the Defendants' request for a stay given the Government shutdown.  (Id.)

On October 27, 2025, Plaintiff filed a Motion for Summary Judgment.  (ECF Nos. 36, 37, 39).

On October 28, 2025, the Court granted the Defendants' Motion to Stay.  (ECF No. 38).

On November 13, 2025, Defendants filed a Notice of Termination of Government Shutdown.  (ECF No. 41).

On November 26, 2025, the Court lifted the stay and continued the briefing schedule on the Parties' Motions for Summary Judgment.  (ECF No. 42).

On January 7, 2026, the Court approved the Parties' First Stipulation Extending Time for Defendants' Cross-Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment.  (ECF No. 43).

On February 27, 2026, Defendants filed their Cross-Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment.  (ECF Nos. 45-48).

On April 3, 2026, Plaintiff filed its Reply and Opposition to Defendants' Cross-Motion for Summary Judgment.  (ECF Nos. 49-51).

On April 9, 2026, Plaintiff filed an Amended Response and an Amended Opposition.  (ECF Nos. 52-53).

On April 10, 2026, the Court approved the Parties' First Stipulation Extending Time for Defendants to Reply to Plaintiff's Amended Opposition to Cross-Motion for Summary Judgment.  (ECF Nos. 54-55).

On May 1, 2026, Defendants filed an Amended Certified Administrative Record.  (ECF No. 59).

On May 4, 2026, Defendants filed their Reply to Plaintiff's

Opposition to their Cross-Motion for Summary Judgment.  (ECF Nos. 57-58).

**United Laundry Services, LLC v. SBA, et al., 24-cv-000517 HG-RT: The Second Loan**

On December 6, 2024, Plaintiff filed the Complaint.  (ECF No. 1).

On May 28, 2025, Defendants filed the Certified Administrative Record.  (ECF No. 29).

On May 30, 2025, Defendants filed an Amended Certified Administrative Record.  (ECF No. 30).

On July 15, 2025, the Magistrate Judge issued a Scheduling Order and Briefing Schedule for Plaintiff to file a Summary Judgment Motion and for Defendants to file a Cross-Motion for Summary Judgment.  (ECF No. 31).

On September 29, 2025, Plaintiff filed a Motion for Summary Judgment.  (ECF No. 33).

On October 1, 2025, Defendants filed a Notice of Government Shutdown and Stay.  (ECF No. 34).

On October 6, 2025, the Court issued a Minute Order striking Plaintiff's Motion for Summary Judgment for failing to comply with the Local Rules for the District of Hawaii.  (ECF No. 36). The Court also issued a briefing schedule as to the Defendants' request for a stay given the Government shutdown.  (Id.)

On October 27, 2025, Plaintiff filed a Motion for Summary

Judgment.  (ECF Nos. 37, 38, 40).

On October 28, 2025, the Court granted the Defendants'
Motion to Stay.  (ECF No. 39).

On November 13, 2025, Defendants filed a Notice of
Termination of Government Shutdown.  (ECF No. 42).

On November 26, 2025, the Court lifted the stay and
continued the briefing schedule on the Parties' Motions for
Summary Judgment.  (ECF No. 43).

On January 7, 2026, the Court approved the Parties' First
Stipulation Extending Time for Defendants' Cross-Motion for
Summary Judgment and Opposition to Plaintiff's Motion for Summary
Judgment.  (ECF No. 44).

On February 27, 2026, Defendants filed their Cross-Motion
for Summary Judgment and Opposition to Plaintiff's Motion for
Summary Judgment.  (ECF Nos. 46-49).

On April 3, 2026, Plaintiff filed its Reply and Opposition
to Defendants' Cross-Motion for Summary Judgment.  (ECF Nos. 50-
52).

On April 9, 2026, Plaintiff filed an Amended Response and an
Amended Opposition.  (ECF Nos. 53-54).

On April 10, 2026, the Court approved the Parties' First
Stipulation Extending Time for Defendants to Reply to Plaintiff's
Amended Opposition to Cross-Motion for Summary Judgment.  (ECF
Nos. 55-56).

On May 1, 2026, Defendants filed a Second Amended Certified Administrative Record.  (ECF No. 60).

On May 4, 2026, Defendants filed their Reply to Plaintiff's Opposition to their Cross-Motion for Summary Judgment.  (ECF Nos. 58-59).

The Court elects to decide all of the Parties' Motions for Summary Judgment without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

## BACKGROUND

**THE CARES ACT AND PAYCHECK PROTECTION PROGRAM**

On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. 116-136, ("CARES Act").  The CARES Act established the Paycheck Protection Program ("PPP").

The PPP program temporarily authorized the United States Small Business Administration ("SBA") to guarantee forgivable PPP loans to certain small businesses affected by the COVID-19 pandemic.  Businesses were able to apply for First Draw PPP loans pursuant to the CARES Act beginning in April 2020.

PPP loans were available to certain small businesses based, in part, on the size of the business.  A PPP-eligible business was one that "employs not more than" 500 employees with exceptions for certain industries and affiliated businesses.  15 U.S.C. § 636(a)(36)(D)(i).

9

The CARES Act included an "Affiliation Waiver" that allowed certain businesses whose primary industry was "Accommodation and Food Services" as defined in Code 72 of the North American Industry Classification System ("NAICS") to receive PPP loans even if their affiliated entities exceeded the number of employees to qualify as a "small" business.  15 U.S.C. § 636(a)(36)(D)(iv); see 13 C.F.R. § 121.101, 13 C.F.R. § 121.107.

The "Affiliation Waiver" at issue was codified in the statute, as follows:

> **(iv) Waiver of affiliation rules**
> During the covered period, the provisions applicable to affiliations under section 121.103 of title 13, Code of Federal Regulations, or any successor regulation, are waived with respect to eligibility for a covered loan for--
>
> (I)   any business concern with not more than 500 employees that, as of the date on which the covered loan is disbursed, is assigned a North American Industry Classification System code beginning with 72....;

15 U.S.C. § 636(a)(36)(D)(iv)(I).

After the CARES Act expired, Congress authorized a second round of PPP Loans when on December 27, 2020, it enacted the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act ("Economic Aid Act").  This Act authorized the SBA to extend a second round of PPP loans ("Second Draw PPP loans") to eligible small businesses.  15 U.S.C. § 636(a)(37)(B).

Eligibility for Second Draw PPP loans also had employee size limitations.  Second Draw PPP loans were limited to "any business

10

concern" that "employs not more than 300 employees."  15 U.S.C. § 636(a)(37)(A)(iv).  The same Affiliation Waiver for "Accommodation and Food Services" businesses that applied to First Draw PPP loans also applied to Second Draw PPP loans.  15 U.S.C. § 636(a)(37)(E)(i).

**PLAINTIFF UNITED LAUNDRY SERVICES, LLC**

Plaintiff United Laundry Services, LLC ("Plaintiff United Laundry") is a limited liability company based in Honolulu, Hawaii.  (Administrative Record ("AR") at SBA-130, ECF No. 59, 24-cv-00516 HG-RT).

Plaintiff United Laundry is one of more than 20 affiliated entities that was owned in whole by AMCP Clean Subsidiary Holdco LLC ("AMCP Holdco"), based in Las Vegas, Nevada.  (Id. at SBA 445-46).  Plaintiff United Laundry did not file its own income tax returns but its income and expenses were reported on AMCP Holdco's tax returns.  (Id.)

Prior to 2019, Plaintiff United Laundry and its parent company AMCP Holdco self-identified as primarily engaged in the linen industry with NAICS Code 812331 for "Linen Supply."  (Id. at SBA 4, 14).

In 2019, AMCP Holdco elected to change its NAICS Code on its federal income tax return to 721110 to identify its primary industry as "Hotels...and Motels."  (Id. at SBA 382).

11

**FIRST DRAW PPP LOAN:**      <u>**United Laundry Services, LLC v. SBA, et al., 24-cv-000516 HG-RT**</u>

On April 10, 2020, Plaintiff United Laundry applied for a First Draw PPP Loan in the amount of $4,682,609.  (<u>Id.</u> at SBA 253-256).

The First Draw PPP Loan Application indicated that Plaintiff United Laundry had 216 employees.  (<u>Id.</u> at SBA 253).

On April 24, 2020, the SBA approved Plaintiff United Laundry for a First Draw PPP Loan and issued a Promissory Note with a 1.00% interest rate.  (<u>Id.</u> at SBA 1049-51).  The First Draw PPP Loan was disbursed on April 30, 2020.  (<u>Id.</u> at SBA 822).

On May 24, 2021, Plaintiff United Laundry submitted a PPP Loan Forgiveness Application to the SBA.  (<u>Id.</u>)  Plaintiff United Laundry provided NAICS Code 812331 to identify its primary industry as "Linen Supply" on the First Draw PPP Loan Forgiveness Application.  (<u>Id.</u>)

After internal review, on March 25, 2023, the SBA denied Plaintiff United Laundry's First Draw PPP Loan Forgiveness Application.  (<u>Id.</u> at SBA 1040-41).  The SBA determined that Plaintiff United Laundry and its affiliated businesses exceeded the maximum allowable number of employees to qualify as a "small business" for purposes of a PPP loan.  (<u>Id.</u>)  The SBA found that the size limitation for a business to be eligible for a First Draw PPP loan was 500 employees.  (<u>Id.</u>)  The SBA determined that

12

Plaintiff United Laundry and its affiliated businesses had 1,680 employees, more than 1180 over the limit of 500 employees to be eligible for the First Draw PPP loan.  (Id.)

The SBA also determined that Plaintiff was ineligible for the Affiliation Waiver.  The SBA ruled that United Laundry's primary industry was "Linen Supply" under NAICS code 812331, which was an industry that did not qualify for a waiver of the affiliation rules for calculation of the number of employees for a PPP loan.  (Id.)

On April 25, 2023, Plaintiff United Laundry timely appealed the SBA's denial decision to the Office of Hearings and Appeals. (Id. at SBA 979-98).

On July 7, 2023, an Administrative Law Judge from the Office of Hearings and Appeals denied Plaintiff United Laundry's appeal. (Id. at SBA 1992-2008).  The Administrative Law Judge affirmed the SBA's decision and ruled that Plaintiff United Laundry was not entitled to loan forgiveness for its First Draw PPP Loan. (Id. at SBA 2007).

The SBA's decision became final on August 7, 2023.  13 C.F.R. § 134.1211(d).

On December 6, 2024, Plaintiff United Laundry filed the appeal of the SBA decision denying loan forgiveness with the United States District Court for the District of Hawaii.  (ECF No. 1).

13

**SECOND DRAW PPP LOAN:** <u>**United Laundry Services, LLC v. SBA, et al.**</u>**,** <u>**24-cv-000517 HG-RT**</u>

On March 19, 2021, Plaintiff United Laundry applied for a Second Draw PPP Loan in the amount of $1,425,000. (AR at SBA 1337-44, ECF No. 60, 24-cv-00517 HG-RT).

On March 30, 2021, the SBA approved Plaintiff United Laundry for a Second Draw PPP Loan and issued a Promissory Note with a 1.00% interest rate. (<u>Id.</u> at SBA 1, 1355). The Second Draw PPP Loan was disbursed on April 16, 2021. (<u>Id.</u> at SBA 1355).

On February 7, 2022, Plaintiff United Laundry submitted a PPP Loan Forgiveness Application to the SBA. (<u>Id.</u> at SBA 1345-52).

After internal review, on March 16, 2023, the SBA issued a decision denying Plaintiff United Laundry's Second Draw PPP Loan Forgiveness Application. (<u>Id.</u> at SBA 57-58).

The SBA determined that Plaintiff United Laundry and its affiliated businesses exceeded the maximum allowable number of employees to qualify as a small business for purposes of a Second Draw PPP loan. (<u>Id.</u>) The SBA found that the size limitation for a business to be eligible for a Second Draw PPP loan was 300 employees. (<u>Id.</u>) The SBA determined that Plaintiff United Laundry and its affiliated businesses had an aggregate of 1680 employees, which was over the limit of 300 employees to be eligible for the Second Draw PPP loan. (<u>Id.</u>)

14

The SBA also determined that Plaintiff United Laundry's primary industry was "Linen and Supply" under NAICS code 812331, which was an industry that did not qualify for a waiver of the affiliation rules for the calculation of the number of employees for a Second Draw PPP loan.  (Id.)

On April 19, 2023, Plaintiff United Laundry timely appealed the SBA's denial decision to the Office of Hearings and Appeals. (Id. at SBA 37).

On July 14, 2023, an Administrative Law Judge from the Office of Hearings and Appeals denied Plaintiff United Laundry's appeal.  (Id. at SBA 1424-35).  The Administrative Law Judge ruled that Plaintiff United Laundry was not entitled to loan forgiveness for its Second Draw PPP Loan.  (Id. at SBA 1435).

The SBA's decision became final on August 14, 2023.  13 C.F.R. § 134.1211(d).

On December 6, 2024, Plaintiff United Laundry filed the appeal of the SBA decision denying loan forgiveness with the United States District Court for the District of Hawaii.  (ECF No. 1).

## STANDARD OF REVIEW

The Administrative Procedures Act ("APA") provides for judicial review of final agency decisions.  5 U.S.C. §§ 702, 706. Under Section 706 of the APA, a court must "hold unlawful and set

15

aside agency action" that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).

Courts routinely resolve APA challenges to agency administrative decisions by summary judgment.  Nw. Motorcycle Ass'n v. U.S. Dept. of Agric., 18 F.3d 1468, 1481 (9th Cir. 1994).  Applying the relevant standard of review under Section 706 of the APA, "the function of the district court is to determine whether or not as a matter of law" the agency acted unlawfully.  Occidental Eng'g Co. v. INS, 753 F.2d 766, 769 (9th Cir. 1985).

An agency's construction of a statute is reviewed de novo. Grand Canyon Univ. v. Cardona, 121 F.4th 717, 723 (9th Cir. 2024).  In Loper Bright Enterprises v. Raimondo, 603 U.S. 369, 391 (2024), the United States Supreme Court overruled the deferential standard created by Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984).  Pursuant to Loper Bright, the district court "must exercise independent judgment" when interpreting a statute but may "seek aid from the interpretations of those responsible for implementing particular statutes."  Loper Bright, 144 U.S. at 393-94.

Legal error requires an agency's decisions be set aside. Grand Canyon Univ., 121 F.4th at 726.  If there is no legal error, the district court reviews the agency's application of the

16

law to the facts under the Administrative Procedures Act's arbitrary and capricious standard.  Id. at 723.  An agency action need only be "reasonable and reasonably explained" under the arbitrary and capricious standard.  Fed. Commc'ns Comm'n v. Prometheus Radio Project, 592 U.S. 414, 423 (2021).

The district court reviews the agency's factual findings for substantial evidence and must uphold such findings if a reasonable mind might accept this particular evidentiary record as adequate to support the agency's conclusions.  Grand Canyon Univ., 121 F.4th at 723.

## **ANALYSIS**

## **I.    The U.S. Small Business Administration's Section 7(a) Loan Program**

In 1953, Congress enacted the Small Business Act, which established the United States Small Business Administration ("SBA"), to aid, counsel, assist, and protect "small business concerns."  15 U.S.C. §§ 631(a), 633(a).  The SBA "was given extraordinarily broad powers to accomplish these important objectives."  Small Bus. Admin. v. McClellan, 364 U.S. 446, 447 (1960).

The SBA provides financing to "small business concerns" primarily by issuing private loans under Section 7(a) of the Small Business Act.  15 U.S.C. § 636(a); Meduri Farms, Inc. v.

17

U.S. Small Bus. Admin., 799 F.Supp.3d 1144, 1145 (D. Or. 2025) (citing In re Gateway Radiology Consultants, P.A., 983 F.3d 1239, 1248 (11th Cir. 2020)).  To carry out its power under Section 7(a) of the Small Business Act, the SBA Administrator can "make such rules and regulations" as necessary to carry out the agency's authority.  15 U.S.C. § 634(b)(6).

Section 7(a) of the Small Business Act and the agency's regulations define whether a loan applicant constitutes a "small business concern."  15 U.S.C. § 632(a)(2); 13 C.F.R. § 120.100 et seq.  The regulations set forth size standards based on the business's North American Industry Classification System ("NAICS") code related to its "types of economic activity or industry."  13 C.F.R. § 121.101(a); see 13 C.F.R. § 120.100(d).

### A.    Size Criteria And Affiliation Rules

The Small Business Act defines a "small business concern" as one which is independently owned and operated, and which is not dominant in its field of operation.  The SBA interprets this statutory definition to require, in certain circumstances, the inclusion of other entities ("Affiliates") owned by the applicant or an owner of the applicant in determining the size of the small business of the borrower for loan eligibility purposes.

Ownership for purposes of the affiliation rules is provided in the SBA regulations, as follows:

18

(1)   Ownership.

   (i)   When the Applicant owns more than 50 percent of another business, the Applicant and the other business are affiliated.

   (ii)  When a business owns more than 50 percent of an Applicant, the business that owns the Applicant is affiliated with the Applicant. Additionally, if the business entity owner that owns more than 50 percent of the Applicant also owns more than 50 percent of another business that operates in the same 3-digit NAICS subsector as the Applicant, then the business entity owner, the other business and the Applicant are all affiliated.

   (iii) When an individual owns more than 50 percent of the Applicant and the individual also owns more than 50 percent of another business entity that operates in the same 3-digit NAICS subsector as the Applicant, the Applicant and the individual owner's other business entity are affiliated....

13 C.F.R. § 121.301(f)(1).

Section 7(a) business loan applicants must satisfy two size criteria depending on the borrower's number of employees and business affiliation.  13 C.F.R. § 121.301(a).

First, the borrower, by itself, must not exceed the size standard designated for the industry in which the applicant is primarily engaged.  13 C.F.R. § 121.301(a)(1).

Second, when the borrower shares common ownership with other businesses, the borrower is subject to "affiliation" rules that govern when a borrower's businesses must be grouped together for purposes of determining the size limit for loan eligibility.  13

19

C.F.R. § 121.103.  The size of the borrower combined with its affiliates must not exceed the size standard designated for either the primary industry of the borrower or its affiliates, whichever is higher.  13 C.F.R. § 121.301(a)(2); see 13 C.F.R. § 121.103(a)(8); 13 C.F.R. § 121.301(f).

### B.    Primary Industry Determination

The size requirements for Section 7(a) loan eligibility are intertwined with the borrower's primary industry determination.

Section 121.107 of Title 13 of the Code of Federal Regulations dictates the SBA's method to determine a borrower's primary industry, as follows:

> In determining the primary industry in which a concern or a concern combined with its affiliates is engaged, SBA considers the distribution receipts, employees and costs of doing business among the different industries in which business operations occurred for the most recently completed fiscal year.  SBA may also consider other factors, such as the distribution of patents, contract awards, and assets.

> 13 C.F.R. § 121.107.

## II.    The CARES Act and The Paycheck Protection Program In Response To The COVID-19 Pandemic

In 2020, Congress enacted the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") to provide assistance to Americans during the COVID-19 pandemic.  Pub. L. No. 116-136, § 1102; 134 Stat. 281, 286-94 (2020).

20

The CARES Act provided certain small businesses with forgivable, low-interest loans that were guaranteed by the federal government "to help businesses weather the pandemic." Air Excursions LLC v. Yellen, 66 F.4th 272, 275 (D.C. Cir. 2023).

**A.    First Draw Loans Under the Paycheck Protection Program**

Section 1102 of the CARES Act established the Paycheck Protection Program ("PPP") to help small businesses keep workers employed during the pandemic. Seville Indus. LLC v. U.S. Small Bus. Admin., 144 F.4th 740, 742 (5th Cir. 2025).

Congress authorized the SBA to guarantee covered loans under the same "terms, conditions, and processes" as a loan made under Section 7(a) of the Small Business Act, except as otherwise provided in 15 U.S.C. § 636(a).  15 U.S.C. § 636(a)(36)(B).

Section 636(a) of Title 15 of the United States Code provided two notable differences for PPP loans rather than traditional Section 7(a) loans.

First, Section 636(a) expanded loan eligibility for PPP loans to include those with 500 employees or fewer.  15 U.S.C. § 636(a)(36)(D)(i).

Second, Section 636(a) created an exception for PPP loans to affiliated small businesses whose primary industry was "Accommodation and Food Services" as identified by a NAICS "code beginning with 72."  15 U.S.C. § 636(a)(36)(D)(iv)(I).  This

21

"Affiliation Waiver" allowed certain "Accommodation and Food Services" business to apply for the PPP loan program even though they would have typically been unable to receive a Section 7(a) loan due to their size under the affiliation rules and common ownership  Id.

**B.    Second Draw Loans Under the Paycheck Protection Program**

On August 8, 2020, the First Draw PPP Loan program expired. Pub. L. No. 116-147, 134 Stat. 660 (2020).  The need for aid from the COVID-19 pandemic continued so in December 2020, Congress passed the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act ("Economic Aid Act"), Pub. L. No. 116-260, 134 Stat. 1182, 1993-2052 (2020).

The Economic Aid Act extended the PPP program until March 31, 2021, and authorized the SBA to provide Second Draw PPP Loans for certain businesses that had already received First Draft PPP Loans pursuant to the CARES Act.  15 U.S.C. § 636(a)(37).

The criteria for Second Draw PPP Loans was largely the same as for the First Draw PPP loans with some differences.  The Economic Aid Act maintained the CARES Act's Affiliation Waiver for "Accommodation and Food Services", but the Act lowered the size limitation to small businesses with 300 employees or fewer. 15 U.S.C. §§ 636(a)(37)(E).

22

### III.  Plaintiff United Laundry Is Not Entitled To Loan Forgiveness For Its First Draw And Second Draw PPP Loans

In order to have been eligible for PPP loans, the business must either have:

    (1)   met the size restriction, meaning fewer than 500 employees when combined with its affiliates for the First Draw PPP Loan and fewer than 300 employees for the Second Draw PPP Loan; or

    (2)   been properly assigned a NAICS code in the primary industry of "Accommodation and Food Services" under the NAICS code 72 such that it qualified for the Affiliation Waiver and met the size restriction on its own.

See Shop Rite v. U.S. Small Bus. Admin., 2025 WL 3188380, at *4 (5th Cir. 2025); 15 U.S.C. § 636(a)(36)(D); 15 U.S.C. § 636(a)(37)(E); 13 C.F.R. § 121.201.

The SBA found in two separate proceedings (which were affirmed by two separate Administrative Law Judges) that Plaintiff United Laundry exceeded the size restriction for PPP loans.  Plaintiff United Laundry does not challenge the findings that it had more than 500 employees based on its affiliation with dozens of other laundry businesses that were wholly owned by the same principal AMCP Clean Subsidiary Holdco LLC.

In both proceedings, the SBA also ruled that Plaintiff United Laundry was ineligible for the Affiliation Waiver. Plaintiff argues it was entitled to the Affiliation Waiver because it claims its primary industry is in the "Accommodation and Food Services" business under NAICS Code 72.  Plaintiff

specifically claims its primary industry is for "Hotels (except Casino Hotels) and Motels" under NAICS Code 721110.

### A.   Plaintiff United Laundry Does Not Provide Accommodation Or Food Services

The PPP loan program provides for an affiliation waiver for businesses in the "Accommodation and Food Services" industry based on NAICS Codes starting with "72."  The statute provides as follows:

> During the covered period, the provisions applicable to affiliations under section 121.103 of title 13, Code of Federal Regulations, or any successor regulation, are waived with respect to eligibility for a covered loan for--
> (I)   any business concern with not more than 500 employees that, as of the date on which the covered loan is disbursed, is assigned a North American Industry Classification System code beginning with 72.

15 U.S.C. § 636(a)(36)(D)(iv)(I); see also 15 U.S.C. § 636(a)(37)(E).

Plaintiff United Laundry does not dispute that it is generally subject to the affiliation rules to receive an SBA loan pursuant to 13 C.F.R. § 121.103 because it shares common ownership with multiple other laundry service businesses. Plaintiff United Laundry challenges the SBA's determination that it was not eligible for the Affiliation Waiver under the PPP program.  Plaintiff United Laundry asserts that it properly self-identifies as under NAICS Code 72.  Plaintiff United Laundry

24

claims it relied upon legal advice from a law firm that it could self-select a NAICS Code 721110 title for "Hotels (except Casino Hotels) and Motels" in order to apply for the PPP loans and receive loan forgiveness.

The SBA ruled that Plaintiff United Laundry was not eligible for the Affiliation Waiver because its primary industry is "Linen Supply" under NAICS Code 812331.  The SBA ruled that Plaintiff's self-identification under NAICS Code 721110 was incorrect, which renders Plaintiff ineligible for loan forgiveness.

It is undisputed that Plaintiff United Laundry does not provide accommodations or lodging.  It is undisputed that Plaintiff United Laundry does not own any hotels or motels or manage any accommodation facility's day-to-day operations.  The Parties agree that Plaintiff United Laundry provides laundry and linen services to numerous businesses, including hotels.

Plaintiff argues that because many of its customers are hotels it should be allowed to self-select NAICS Code 72 and be eligible for PPP loan forgiveness.

### 1.  The SBA Denied Plaintiff's Application For Loan Forgiveness For Its First Draw PPP Loan

The SBA denied forgiveness of Plaintiff's First Draw PPP Loan because Plaintiff did not meet the size restrictions to be considered a "small business concern."  The SBA determined that

the Affiliation Waiver did not apply because Plaintiff United

Laundry was not primarily engaged in the "Accommodation and Food

Service" industry.  The Administrative Law Judge explained the

ruling in detail, as follows:

> NAICS code designations are determined by identifying
> which primary industry classification best describes an
> entity's business activities.  See Ardmore Consulting
> Group v. Contreras-Sweet, 118 F.Supp.3d 388 (D.D.C.
> 2015).
>
> The SBA regulations provide:
>
> "How does SBA determine a concern's 'primary industry'?
>
> In determining the primary industry in which a concern
> or a concern combined with its affiliates is engaged,
> SBA considers the distribution of receipts, employees
> and costs of doing business among the different
> industries in which business operations occurred for
> the most recently completed fiscal year.  SBA may also
> consider other factors, such as the distribution of
> patents, contract awards, and assets."  13 C.F.R. §
> 121.107.
>
> During its loan review, SBA examined [Plaintiff United
> Laundry's] 2019 profit and loss statement and
> determined that 91% of its income derives from
> "cleaning" which supports NAICS code 812331 [Laundry
> Services and Linen Management].  SBA also noted there
> is no revenue attributed to "Room" or "Food & Beverage"
> categories that would be indicative of NAICS 72.  Id.
>
> ...
>
> The NAICS code manual outlines the following for 721110
> establishments:
>
> **721110 Hotels (except Casino Hotels) and Motels**
>
> This industry comprises establishments primarily
> engaged in providing short-term lodging in facilities
> known as hotels, motor hotels, resort hotels, and
> motels.  The establishments in this industry may offer
> food and beverage services, recreational services,

26

> conference rooms, convention services, laundry services, parking, and other services....**Some provide lodging only**, while others provide meals, laundry services, and recreational services, **as well as** lodging....**Establishments that manage short-stay accommodation establishments** (e.g., hotels and motels) on a contractual basis **are classified in this subsector if they both manage the operation and provide the operating staff**.  Such establishments are classified based on the type of facility managed and operated.
>
> [Plaintiff United Laundry] does not provide lodging and therefore it cannot be classified as a 721 business. Even though [Plaintiff United Laundry] manages a critical function within the hotels it services, [Plaintiff United Laundry] is only concerned with the laundry and linen service....

(Administrative Law Judge Decision affirming SBA decision denying First Draw PPP Loan dated July 7, 2023, AR at SBA 1992-2008, ECF No. 59, Civ. No. 24-00516 HG-RT).

### 2.    The SBA Denied Plaintiff's Application For Loan Forgiveness For Its Second Draw PPP Loan

The SBA also denied forgiveness of Plaintiff's Second Draw PPP Loan for the same reasons.  Plaintiff United Laundry did not meet the size restrictions to be a "small business" for a PPP Second Draw Loan and the Affiliation Waiver did not apply because Plaintiff was not primarily engaged in the Hotel and Motel industry.  The Administrative Law Judge explained, in detail, as follows:

> [Plaintiff United Laundry] is ineligible for a NAICS 72 waiver because [Plaintiff United Laundry] is not a hotel or restaurant, but a linen service company.... over 90% of [Plaintiff United Laundry's] 2019 revenues

27

> reflect cleaning services...a NAICS Code 812331 would have been appropriate both years.  It appears from the Opinion Letter that [Plaintiff United Laundry] was aware of the Affiliation Waiver, and wanted to take advantage of it.  Hence, it is unsurprising that [Plaintiff United Laundry] would try to argue it is appropriately assigned itself a NAICS Code beginning with 72 for PPP purposes, even if NAICS Code 812331, as used historically, would have been appropriate....
>
> There is sufficient evidence to support the [SBA's] conclusion that [Plaintiff United Laundry] is not entitled to the Affiliation Waiver, and thus was ineligible for the Second Draw PPP Loan because it, together with its affiliates, had more than 300 employees.

(Administrative Law Judge Decision affirming SBA decision denying Second Draw PPP Loan dated July 14, 2023, AR at SBA 1424-35, ECF No. 60, Civ. No. 24-00517 HG-RT).

**B.    The SBA Properly Determined That The Affiliation Waiver Did Not Apply And Plaintiff United Laundry Was Not Entitled To PPP Loan Forgiveness**

Plaintiff United Laundry does not argue that it provided lodging or accommodation.  Rather, Plaintiff United Laundry argues that it should have been allowed to self-select its NAICS code and that the SBA should not have been allowed to challenge or evaluate Plaintiff's self-selection.  Plaintiff United Laundry's primary argument is that Congress did not grant the SBA the authority to challenge a business's self-selection of its primary industry using NAICS codes.  Plaintiff is incorrect.

Congress empowered the SBA to establish rules and regulations governing the Section 7(a) small business loan

28

program.  15 U.S.C. §§ 633(d), 634(b)(6), 634(b)(7).  Under this authority, the SBA established regulations to determine eligibility limits for a borrower under Section 7(a) loans, including limitations based on the borrower's primary industry. 13 C.F.R. § 121.107.

In enacting the CARES Act, Congress placed the PPP loan program under the pre-existing Section 7(a) loan program.  The CARES Act provides that the SBA may guarantee loans "under the same terms, conditions, and processes as a loan made under" Section 7(a).  15 U.S.C. § 636(a)(36)(B).  Those "terms, conditions, and processes" governing the Section 7(a) program include the SBA's methodology for assigning a business an NAICS code based on the borrower's primary industry.

The SBA properly relied upon its regulations to determine that Plaintiff United Laundry was primarily engaged in Laundry Services and Linen Management under NAICS Code 812331.  The SBA had the authority to rule that Plaintiff's self-identified selection of NAICS Code 721110 for Hotels and Motels was improper when Plaintiff sought loan forgiveness for its PPP loans.

Congress expressly legislated the CARES Act's PPP loan program and the Economic Aid Act's Second Draw Program against the backdrop of the SBA's Section 7(a) loan program.  Congress expressly referenced the SBA's affiliation regulation ("affiliations under section 121.103 of title 13, Code of Federal

29

Regulations") in the text of the CARES Act's PPP loan program. 15 U.S.C. § 636(a)(36)(D)(iv)(I) (governing the Affiliation Waiver for the PPP loan program); see also 15 U.S.C. § 636(a)(37)(E) (explaining that the CARES Act Affiliation Waiver also applied to Second Draw PPP Loans).

The SBA properly used its rules and regulations, including 13 C.F.R. § 121.107, to determine that Plaintiff United Laundry's primary industry did not fall under an NAICS code beginning with 72. Plaintiff's argument that the SBA did not have the authority to look to its regulations in evaluating loan eligibility is contrary to the plain language of the CARES Act and the Economic Aid Act.

Similar legal arguments about the SBA's authority to determine PPP loan eligibility and forgiveness have been routinely rejected. Numerous courts have ruled that Congress provided the SBA with the authority to administer the PPP loan program by looking to the "terms, conditions, and processes" for the administration of Section 7(a) loans and that it is proper for the SBA to use these regulations to evaluate eligibility and loan forgiveness under the PPP program. Shop Rite Inc. v. U.S. Small Bus. Admin, 2024 WL 5183329, at *6-*7 (W.D. La. Dec. 19, 2024), aff'd in Shop Rite Inc. v. U.S. Small Bus. Admin., 2025 WL 3188380, at *4 (5th Cir. 2025) (per curiam) (finding the SBA properly relied on the loan eligibility framework established for

30

Section 7(a) loans to determine the primary industry test used to determine Affiliation Waiver eligibility); Meduri Farms, Inc. v. U.S. Small Bus. Admin., 799 F.Supp.3d 1144, 1149-52 (D. Or. 2025) (finding the plaintiff ineligible for a Second Draw PPP loan because the SBA properly calculated the plaintiff's number of employees based on its regulations); Nat'l Funding, Inc. v. U.S. Small Bus. Admin, 2026 WL 555501, *5-*6 (S.D. Cal. Feb. 27, 2026); see also GFI Mng't Srvs. Inc. v. Loeffler, 2026 WL 866838, *4 (S.D.N.Y. Mar. 30, 2026).

As the Government points out, "United's statutory interpretation would be non-sensical: if all businesses that self-assign themselves with a 72-code were automatically eligible for the Affiliation Waiver, then any business could self-assign a NAICS code with 72 just to make sure they would be forgiven for their PPP loan.  Undoubtedly, that was not the intention behind the statute."  (Gov't Opp. at p. 16, ECF No. 47-1, 24-cv-00517HG-RT).  The Court agrees.

The SBA did not err by using its regulations to determine that Plaintiff United Laundry was not eligible for PPP loan forgiveness.  The SBA properly ruled that Plaintiff exceeded the size limitations for both PPP loans and that the Affiliation Waiver was inapplicable.  Plaintiff's "primary industry" does not fall under the NAICS code beginning with "72" that would allow it to be eligible for PPP loans or to receive forgiveness for such

31

loans.  15 U.S.C. § 636(a)(36)(D)(iv)(I); 15 U.S.C. § 636(a)(37)(E); see Bruckner Truck Sales, Inc. v. Guzman, 148 F.4th 341, 346 (5th Cir. 2025).

**C.    The SBA's Decisions Denying Plaintiff's Applications For Loan Forgiveness Were Not Arbitrary And Capricious**

Plaintiff United Laundry next argues that the SBA did not properly consider the evidence in the records and did not fully explain its reasoning.  Plaintiff's arguments are belied by the records.  The SBA and the two separate Administrative Law Judges thoroughly explained their reasoning.  The evidence in the administrative records conclusively demonstrates that Plaintiff did not primarily engage in lodging or provide any accommodations or food and beverage services.  The SBA did not err in finding that NAICS code 72 did not apply to Plaintiff even though the SBA acknowledged that Plaintiff derived revenue from providing its hotel customers with advice as to their linen use and management of its laundry and linen services.  There was no evidence that Plaintiff ever owned lodging or accommodations or that it engaged in hotel operations other than providing outsourced laundry and linen services.

The SBA recognized that, prior to the PPP program, Plaintiff United Laundry and its affiliated businesses had self-assigned NAICS Code 812331 for "Linen Supply."  There was no evidence that prior to the PPP program that Plaintiff ever used NAICS code 72

32

to define its primary industry.  In fact, on May 24, 2021, Plaintiff's Application for Loan Forgiveness used NAICS Code 812331 for "Linen Supply" to define Plaintiff's primary industry. (AR at SBA 822, 1045, ECF No. 59, 24-cv-00516 HG-RT).  It was not until Plaintiff's Second Draw Application for Loan Forgiveness that NAICS Code 72 was used.  (AR at SBA 1345, ECF No. 60, 24-cv-00517 HG-RT).  The SBA did not err in relying on this evidence in assessing Plaintiff's eligibility for loan forgiveness.

The SBA properly reviewed other evidence in the record in evaluating Plaintiff's "primary industry" classification.  The SBA properly relied on Plaintiff's 2019 profit and loss statement which revealed that more than 90% of its income was from "cleaning."  (AR at SBA 1040-41, ECF No. 59, 24-cv-00516 HG-RT; AR at SBA 58, 1326-27, 1434, ECF No. 60, 24-cv-00517 HG-RT). There was no evidence that Plaintiff provided any accommodations, lodging, or food and beverage services.

The SBA properly relied on a letter from the Outrigger Hospitality Group in Hawaii, which explained that it outsourced all of its laundry needs to Plaintiff United Laundry.  (AR at SBA 822, 1429, ECF No. 60, 24-cv-00517 HG-RT; see also AR at SBA 1040-41, ECF No. 59, 24-cv-00516 HG-RT).  The SBA also recognized that Plaintiff's affiliated entities were also primarily engaged in linen services outsourced to them from hotels.  (AR at SBA 58, 72, ECF No. 60, 24-cv-00517 HG-RT).

The SBA provided detailed analysis of the pertinent factors in assessing Plaintiff's eligibility for loan forgiveness. There was a rational connection between the SBA's findings of facts and the SBA's findings that Plaintiff was not entitled to PPP loan forgiveness.  Prometheus Radio Project, 592 U.S. at 423. Defendant SBA's decisions were not arbitrary and capricious.  The SBA offered satisfactory explanations for its decisions, providing "a rational connection between the facts found and the choice made."  Motor Vehicle Mfrs. Assn. of United States, Inc. v. State Farm Mut. Automobile Ins. Co., 463 U.S. 29, 43 (1983); see China Unicom (Americas) Ops. Ltd. v. Fed. Commc'ns Comm'n, 124 F.4th 1128, 1151 (9th Cir. 2024).

//

//

//

//

//

//

//

//

//

//

//

//

34

## CONCLUSION

Plaintiff United Laundry's Motions for Summary Judgment (ECF No. 36, 37) are **DENIED.**

Defendants' Cross-Motions for Summary Judgment (ECF No. 46, 47) are **GRANTED.**

There are no remaining claims or parties in these cases.

The Clerk of Court is **ORDERED** to enter Judgment in favor of Defendants in both cases (24-cv-00516 HG-RT and 24-cv-00517 HG-RT) and to **CLOSE THE CASES.**

IT IS SO ORDERED.

Dated: July 15, 2026, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

United Laundry Services, LLC v. United States Small Business Administration; Isabella Casillas Guzman, in her official capacity as Administrator of the United States Small Business Administration, Civ. No. 24-00516 HG-RT; Civ. No. 24-00517 HG-RT; **ORDER DENYING PLAINTIFF UNITED LAUNDRY SERVICES, LLC'S MOTIONS FOR SUMMARY JUDGMENT (ECF Nos. 36 and 37) and GRANTING DEFENDANTS' CROSS-MOTIONS FOR SUMMARY JUDGMENT (ECF Nos. 46 and 47)**

35